### STATE *v.* WILLIAM H. HARRISON.

Where an indictment charged the forgery of the name of a firm with intent to defraud two persons whose names were stated, but it was not alleged that they composed the firm, and the testimony proved the forgery with an intent to defraud the firm, but it was not proved that the two persons named composed the firm, *held* that the allegations of the indictment were not proved, and that it was error in the count to charge otherwise.

This was an INDICTMENT for forgery tried at the January Term, 1873, of the Superior Court of NEW HANOVER county, before his Honor, *Russell, J.* The charge was for forging a due bill in the following words: " Due to William H. Harrison for filling of rosin and storing of sprirts $50, payable 25th of August, WILLIAMS & MURCHISON, with intent to defraud one George W. Williams and one Daniel M. Murchison, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

On the trial a witness for the State said that he saw the defendant with the due bill referred to in the bill of indictment at the office or store of Williams & Murchison.

This or some other witness spoke of such a firm as Williams & Murchison, but no witness mentioned the names of George W. Williams or Daniel M. Murchison. The defendant's counsel prayed the Court to instruct the jury that the State was required to prove the intent as charged in the bill of indictment, and that there was no evidence to show that the defendant intended to defraud George W. Williams

and Daniel M. Murchison.   His Honor refused the instruction, and said that there was some evidence to be left to the jury.   The jury were instructed that if the State had not shown the intent to defraud the individuals named in the bill of indictment, the defendant was entitled to a verdict of not guilty, but that there was evidence (it being that above mentioned) to be left to the jury, and that they might infer if they thought proper to do so, that the individuals mentioned as a firm by the witness were the same as these named in the bill of indictment.

No counsel for the defendant.

*Attorney General Hargrove* and *Solicitor Cantwell,* for the State referred to *State* v. *Britt,* 3 Dev. 122; *State* v. *Morgan,* 2 D. & B. 348.

READE, J.   The indictment charges that the defendant forged the name of the firm of Williams & Murchison with intent to defraud George W. Williams and Daniel M. Murchison.   And there was evidence tending to show that he did forge the name of the firm with intent to defraud the firm, but there was no evidence that George W. Williams and Daniel M. Murchison were the individual members of the firm, and therefore there was *no evidence* that the intent was to defraud George W. Williams and Daniel M. Murchison.   And his Honor ought so to have charged the jury in response to the prayer of the defendant.   His refusal to do so was error, for which there must be a *venire de novo.*

Let this be certified.

PER CURIAM.                                    Judgment reversed.